Filed 4/29/25  P. v. Contreras CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO CONTRERAS, JR.,<br><br>        Defendant and Appellant. | A172936<br><br>(Butte County<br>Super. Ct. No. 24CF01886) |

Defendant Alejandro Contreras, Jr., appeals from a judgment sentencing him to four years in prison after he pled no contest to assault with a deadly weapon.  His appellate counsel asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After considering a supplemental brief submitted by Contreras and independently reviewing the record, we find no arguable issues and affirm.[1]

_____

[1] On April 10, 2025, after briefing was complete, the appeal was transferred from the Third District Court of Appeal to this court for decision.

# I.
## FACTUAL AND PROCEDURAL
## BACKGROUND

On the afternoon of April 20, 2024, Contreras and the victim, his girlfriend, gambled at a casino in Butte County.[2]  Contreras was upset with the victim because she would not share her winnings with him and then lost them all.  As Contreras was driving them away from the casino, he told the victim to get out of his vehicle.  She refused, because the vehicle was moving, and Contreras began hitting and kicking her.  He then opened the passenger's door and "produced an X-Acto knife and began slashing at the victim."  The victim pepper sprayed Contreras before he was able to force her out of the vehicle.

When sheriff's deputies arrived at the scene, the victim was "visibly upset and crying."  She had a large cut on her thumb that required stitches and other "lacerations" and "scratches" on her head and torso.  Contreras was quickly located and arrested.  He denied having a knife or hitting the victim, claiming she broke his vehicle's windshield and "her injuries were self-inflicted."

Contreras was charged with felony counts of injuring a girlfriend and assault with a deadly weapon.  It was also alleged as to both counts that he personally inflicted great bodily injury (GBI) on the victim under circumstances involving domestic violence.[3]  In May 2024, under a plea agreement, Contreras pled no contest to the assault count in exchange for a maximum sentence of four years and dismissal of the other count and the

---

[2] The underlying facts are drawn from the probation report, which Contreras stipulated provided a factual basis for his plea.

[3] The charges were brought under Penal Code sections 273.5, subdivision (a), and 245, subdivision (a)(1), respectively.  The GBI allegations were made under section 12022.7, subdivision (e).

2

GBI allegations. He agreed the trial court could find aggravating factors based on the probation report and impose the upper term.

The following month, the trial court denied probation and sentenced Contreras to the upper term of four years in prison. In doing so, the court denied his request to impose the midterm, finding as aggravating factors that his prior performance on probation was unsatisfactory, the crime involved acts disclosing a high degree of cruelty, viciousness, or callousness, and the victim was particularly vulnerable. The court also considered an "impact statement" the victim submitted, in which she recanted her statement to law enforcement and claimed her injuries were caused by the broken windshield, not Contreras.

Contreras appealed and sought a certificate of probable cause on the basis that his "plea was not made with a full and complete understanding of the consequences and was based on inadequate legal counsel." The trial court denied the request for a certificate.

## II.
### DISCUSSION

After the *Wende* brief was filed in January 2025, Contreras submitted a one-page supplemental brief to his appellate counsel.[4] In that brief, Contreras argues that his case should be dismissed or his sentence reduced, primarily because no knife was recovered and the victim recanted her story. But because he did not obtain a certificate of probable cause, the sufficiency of the evidence and other issues involving the plea's validity are not

---

[4] Contreras also enclosed "pages of [his] discovery" with the supplemental brief. In granting counsel's request for permission to file the supplemental brief late, the Third District ordered that all documents Contreras submitted as exhibits to the brief that were not in the record on appeal would be disregarded. Thus, we do not consider any exhibits other than those that are part of the appellate record.

3

cognizable in this appeal. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 8.304(b).)

In any case, after our independent review of the record, no error appears in the entry of the plea or the sentencing proceedings. Contreras was advised of his constitutional rights and the consequences of his plea before he entered it. The trial court found that his waiver of rights was knowing and intelligent, that the plea was free and voluntary, and that there was a factual basis for the plea. The court relied on proper factors in denying probation and sentencing him to the upper term, a sentence that was expressly permitted under the plea agreement. He was represented by counsel throughout the proceedings. There are no meritorious issues to be argued on appeal. (See *Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

III.
DISPOSITION

The judgment is affirmed.

_____

Humes, P.J.


WE CONCUR:



_____

Banke, J.




_____

Smiley, J.


*People v. Contreras, Jr.* A172936

5